CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 19 2017
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TARA MIA BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-00026 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I deny the Commissioner's Motion for Summary Judgment and remand this case for further administrative proceedings. The R&R was filed on August 9, 2017 [ECF No. 22], and the Commissioner filed objections on August 14 [ECF No. 23]. Plaintiff did not respond and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule the Commissioner's objection, deny the Commissioner's Motion for Summary Judgment, and remand this case to the Commissioner for further consideration.

I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 23, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act") and supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2016). (R. 217–227.) In her application, Plaintiff alleged that she had been disabled since October 25, 2003, due to a combination of fibromyalgia, arthritis, neuropathy, anxiety, depression, inflammatory disease, and joint disorder. (See, e.g., R. 21.) The Commissioner denied

Plaintiff's claims initially on February 3, 2015, and again upon reconsideration on June 22, 2015. (See R. 61–124.)

On October 19, 2015, Plaintiff appeared with her attorney before Administrative Law Judge William Barto ("the ALJ"). (R. 40–60.) Both Plaintiff and a vocational expert, Dr. Andrew Beale, testified. (Id.) In a written decision dated November 6, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 15–31.) He found that Plaintiff suffered from "osteoarthritis, fibromyalgia, status post right hip labral repair, right carpal tunnel syndrome, right radial styloid tenosynovitis/intersection syndrome, and affective disorder," all of which qualified as serious impairments. (R. 17 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) ALJ Barto found that Plaintiff did not have an impairment or combination or impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with some limitations. (See R. 20.) The ALJ determined that Plaintiff was not capable of performing past relevant work, but would be able to perform jobs that exist in significant numbers in the national economy, such as cleaner, checker, and laundry sorter. (R. 29–30 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, 416.969(a)).) Accordingly, he concluded that Plaintiff was not disabled within the meaning of the Act. (R. 30.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on March 21, 2016. (R. 4–6.)

On May 25, 2016, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. Plaintiff and the Commissioner filed cross-motions for summary judgment.[1] (See Pl.'s Br., Dec. 19, 2016 [ECF No. 16]; Def.'s Mot. Summ. J., March 24, 2017 [ECF No. 20].) On August 9, 2017, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I reverse the decision of the Commissioner and remand the case for further proceedings. (R&R, Aug, 9, 2017 [ECF No. 22].) On August 14, 2017, the Commissioner filed her objection to the R&R. (Def.'s Obj., Aug. 14, 2017 [ECF No. 23] [hereinafter "Def.'s Obj."].) Plaintiff did not respond, so the matter is ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R.

---

[1] Although styled as a "Memorandum Brief in Support of Plaintiff's Claim for Social Security Disability Benefits," the local rules of court treat the brief the same as a motion for summary judgment. See Local Gen. R. 4(c).

§§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

The Commissioner's sole objection is that the Magistrate Judge misapplied the controlling case law as announced by the Fourth Circuit in Mascio v. Colvin, 780 F. 3d 632 (4th Cir. 2015). As is relevant to the present case, Mascio concerned whether the hypothetical posed to a vocational expert was legally sufficient when it failed to account for a claimant's mental limitations. See id. at 637. In that case, the ALJ found that Mascio had "moderate difficulties in maintaining her concentration, persistence, or pace as a side effect of her pain medication," but failed to account for that mental limitation in the residual functional capacity relayed to the vocational expert in a hypothetical. Id. at 638. The Fourth Circuit concluded this was error, as "the ALJ must 'consider all of [the claimant's] medically determinable impairments of which

[the ALJ is] aware,' including those not labeled severe at step two." Id. at 635 (quoting 20 C.F.R. § 416.945(a)(2)).

In the present case, I agree that the ALJ failed to accurately account for Plaintiff's mental limitations in his hypothetical to the vocational expert. The ALJ determined that Plaintiff suffered from affective disorder and that, as a result, she had "moderate difficulties" "[w]ith regard to concentration, persistence or pace . . . ." (R. 17–19.) Despite this determination, the ALJ's hypothetical failed to account for Plaintiff's mental limitations. The ALJ asked the vocational expert:

> For the purposes of the following hypothetical, please assume that the pharmacy technician position is the only past relevant work for consideration in these hypothetical situations. Assume a hypothetical individual of the claimant's age and education with the past job as a pharmacy technician that you described. Further assume that individual is limited to the light exertional level of work as that term is defined in the Code of Federal Regulations, and is limited to frequent climbing of ramps and stairs; occasional stooping, kneeling, and crawling, but can never climb ladders, ropes, or scaffolds; can perform simple, routine, repetitive tasks; can have occasional interaction with coworkers but no tandem work assignments or group work; and this person requires a static workplace with infrequent change explained in advance.

(R. 57.) A second hypothetical limited the individual to "frequent handling and fingering bilaterally." (R. 58.) And a third limited the individual "to only occasional handling and fingering bilaterally at the light exertional level . . . ." (R. 58–59.)

Throughout his hypotheticals, the ALJ failed to account for the mental limitations he identified. At most, the ALJ's "simple, routine, repetitive tasks" limitation attempted to account for Plaintiff's "moderate difficulties" with regard to "concentration, persistence, or pace," but that approach was soundly rejected in Mascio. There, the Fourth Circuit joined "with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence,

and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' As Mascio point[ed] out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). Thus, after concluding that Plaintiff suffered "moderate difficulties," the ALJ failed to consider those limitations in the hypothetical to the vocational expert. Such an error requires remand. See 20 C.F.R. § 416.945(a)(2).

The Commissioner counters that the ALJ relied on the opinion of state agency psychiatrist Eric Oritt, and that Dr. Oritt concluded "that although Plaintiff might experience a moderate degree of limitation in the broad functional area of concentration, persistence, or pace, she nonetheless retained the specific ability to complete simple, routine work tasks." (Def.'s Obj. 1–2.) But this only encompasses half of Dr. Oritt's conclusion. He goes on to note that Plaintiff "exhibited pronounced difficulties concentrating throughout the evaluation." (R. 62.) In light of Dr. Oritt's *entire* opinion, the ALJ's error falls squarely in line with the Fourth Circuit's conclusion in Mascio: "the ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638; see also Winschel, 631 F.3d at 1180; Stewart v. Astrue, 561 F.3d 679, 684–85 (7th Cir. 2009) (per curiam); Ramirez v. Barnhart, 372 F.3d 546, 554 (3rd Cir. 2004); Kasarsky v. Barnhart, 33f F.3d 539, 544 (7th Cir. 2003); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996).

The Commissioner also argues that the ALJ accounted for Plaintiff's moderate difficulties by limiting her (in his hypothetical) to diminished interpersonal contact. That may be true. But it could also be true that the diminished interpersonal contact was meant to account for

Plaintiff's "moderate difficulties" in "social functioning." (R. 19.) I am left to guess. And when the court is required to guess what the ALJ was thinking, meaningful review is not possible. Remand is required to permit the ALJ to adequately state the reasons for his conclusions. See Mascio, 780 F.3d at 638.

## IV. CONCLUSION

The ALJ's hypothetical to the vocational expert failed to account for Plaintiff's moderate difficulties in concentration, persistence, and pace. If the ALJ felt that his limitations *did* cover those difficulties, he failed to explain it in his opinion. Either error prevents this Court from giving meaningful review to his conclusions. Remand is necessary to permit the ALJ the opportunity to correct the error.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 19th day of October, 2017.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE
