Case 4:16-cv-00026-JLK-JCH   Document 29   Filed 06/08/18   Page 1 of 10   Pageid#: 1659

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 08 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| TARA MIA BRADLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 4:16-cv-00026 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| NANCY A. BERRYHILL, | ) | By:   Joel C. Hoppe |
| Acting Commissioner of Social Security, | ) |         United States Magistrate Judge |
|     Defendant. | ) | |

On October 19, 2017, this Court entered a final order reversing the Acting Commissioner of Social Security's ("Commissioner") final decision denying Plaintiff Tara Mia Bradley's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–434, 1381–1383f, and remanded the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* Order, ECF No. 25. Bradley moved for an award of attorneys' and paralegal fees in the amount of $6,928.33 and expenses in the amount of $22.79 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pl.'s Mot. for Atty's' Fees 1, ECF No. 26. The Commissioner filed a brief opposing Bradley's motion, Def.'s Obj. to Pl.'s Pet. for Atty's' Fees & Costs ("Def.'s Obj."), ECF No. 27, to which Bradley replied, Pl.'s Reply Br., ECF No. 28. The case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 10. Because I find that the Commissioner has not met her burden of showing that her litigation position was substantially justified, I recommend that the presiding District Judge grant Bradley's EAJA fee petition in its entirety.

I. Standard of Review

The Court must award reasonable attorneys' and paralegal fees under the EAJA "in cases such as this if: (1) the claimant is a prevailing party; (2) the government's position was not

1

substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed a petition supported by an itemized statement." *Large v. Barnhart*, 432 F. Supp. 2d 645, 646–47 (W.D. Va. 2006) (citing 28 U.S.C. § 2412(d)(1)(A)); *see also Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 577 (2008) (holding that reasonable fees incurred by the prevailing party for work performed by paralegals are recoverable under the EAJA). The only issue here is whether the Commissioner's position defending the agency's decision on the merits before this Court was substantially justified. *See generally* Def.'s Obj. 1–11; Pl.'s Reply Br. 1–4. The EAJA "does not define the term 'substantially justified,'" but the "Supreme Court has recognized . . . that the substantial-justification test is one of 'reasonableness in law and fact.'" *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988)). In other words, the Commissioner's litigation "position is substantially justified if it is justified to a degree that could satisfy a reasonable person" that the "litigation position was 'correct.'" *Id.* (alterations and quotation marks omitted) (quoting *Pierce*, 487 U.S. at 566 n.2)). The Commissioner bears the burden of proving that her litigation position was substantially justified. *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992); *Seal v. Astrue*, 563 F. Supp. 2d 608, 610 (W.D. Va. 2008). "In determining whether the [Commissioner's] position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a particular stance during litigation." *Meyer*, 754 F.3d at 255 (brackets omitted).

## II. Discussion

*A.    Background*

After her applications for DIB and SSI were denied at all stages of the administrative proceedings, Bradley appealed to this Court for review of the Commissioner's final decision. *Bradley v. Berryhill*, No. 4:16cv26, 2017 WL 4707035, at *1–2 (W.D. Va. Oct. 19, 2017). The undersigned Magistrate Judge issued a Report and Recommendation ("R & R"), ECF No. 22, on August 9, 2017, recommending that the presiding District Judge reverse the Commissioner's final decision and remand the case for further proceedings. *Bradley*, 2017 WL 4707035, at *2. The R & R explained that the administrative law judge's ("ALJ") opinion did not comport with the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), in that the ALJ found at step three of the sequential evaluation that Bradley had a moderate limitation in concentration, persistence, or pace, but the ALJ did not account for this limitation in formulating Bradley's residual functional capacity ("RFC") or otherwise explain why this limitation did not translate into specific limitations on Bradley's maximum remaining ability to sustain work-related activities. *See* R & R at 11–14. As relevant here, *Mascio* holds that "the ability to perform simple tasks differs from the ability to stay on tasks" and that, unless the ALJ adequately explains otherwise, "[o]nly the latter limitation would account for a claimant's [moderate] limitation in concentration, persistence, or pace." 780 F.3d at 638. Because of the unexplained inconsistency between the ALJ's step-three finding and subsequent RFC determination, as well as the ALJ's failure to adequately explain inconsistencies in his evaluation of the medical opinion evidence, the undersigned Magistrate Judge concluded that substantial evidence did not support the Commissioner's final decision. R & R 14.

The Commissioner filed her objections to the R & R on August 14, to which Bradley did not respond. *Bradley*, 2017 WL 4707035, at *2. The presiding District Judge considered these objections, overruled them, adopted the R & R, and remanded the case for further administrative

3

proceedings. *See id.* at *2–4. Notably, the presiding District Judge explained that the ALJ's "approach was soundly rejected in *Mascio*." *Bradley*, 2017 WL 4707035, at *3. The presiding District Judge rejected the Commissioner's primary argument that the ALJ properly relied on the opinion of Dr. Oritt, a state agency reviewer and psychologist, because the ALJ acknowledged only "half of Dr. Oritt's conclusion" and that "[i]n light of Dr. Oritt's *entire* opinion, the ALJ's error falls squarely in line with the Fourth Circuit's conclusion in *Mascio*: 'the ability to perform simple tasks differs from the ability to stay on task.'" *Id.* (quoting 780 F.3d at 638) (collecting cases)). The presiding District Judge also addressed the Commissioner's other argument that the ALJ accounted for Bradley's limitations in maintaining concentration, persistence, and pace by restricting her interpersonal contact because "it could also be true that the diminished interpersonal contact was meant to account for Plaintiff's 'moderate difficulties' in 'social functioning.'" *Id.* at *4. The Commissioner never asked the presiding District Judge to reconsider his ruling, and it did not appeal the Court's decision to Fourth Circuit. On January 10, 2018, Bradley timely filed this petition and a brief in support of her motion for attorneys' fees under the EAJA, *see* ECF No. 26. The Commissioner filed objections to Bradley's EAJA motion, ECF No. 27, to which Bradley replied, ECF No. 28. The matter is now ripe.

B.     *The Commissioner's Argument*

In arguing against a fee award under the EAJA, the Commissioner primarily contends that the ALJ complied with *Mascio* and properly explained why, despite finding Bradley moderately limited in maintaining concentration, persistence, or pace, that particular finding "did 'not translate into a limitation' beyond simple, routine tasks in the functional capacity assessment." Def.'s Obj. 6–7 (quoting *Mascio*, 780 F.3d at 638). She also asserts for the first time in this litigation that the Court committed a factual error in its analysis and that "[b]ut for

4

that error, there is a considerable body of case law that would have supported a decision affirming the Commissioner." *Id.* at 1–2. Specifically, the Commissioner points to the Memorandum Opinion's reasoning that the ALJ did not take into account the entire opinion of Dr. Oritt, and she states, "[r]espectfully, the record cite that this Court described as the other 'half of Dr. Oritt's conclusion' was not part of Dr. Oritt's opinion. Instead, it was a summary of a consultative report rendered by a different psychologist, Dr. Cousins, with which Dr. Oritt largely disagreed." *Id.* at 5 (citation omitted). The Commissioner asserts that "[t]he Court, therefore, appear[ed] to have mistaken the scope of the material that was attributable to Dr. Oritt." *Id.* With this distinction in mind, the Commissioner argues that she had "formed the reasonable view that in the present case," the ALJ's opinion comported with *Mascio* and thus she was substantially justified in her litigation position. *Id.* at 7. The Commissioner then contends that this "factual error aside, the Commissioner's litigation position was grounded in other facts that *also* distinguished this case from *Mascio*," *id.*, specifically that the ALJ added interpersonal contact limitations and restricted Bradley to a static workplace. *See id.* at 7–9.

C. *Analysis*

In opposing the fee petition, the Commissioner essentially goes for a third bite at the apple in that she advances the same arguments the Court has twice rejected in this case. Considering the case law at the time of the Court's decision on Bradley's appeal, I find that the Commissioner's arguments are not persuasive and her litigation position was not substantially justified.

As explained above, the Commissioner primarily relies on the mistaken attribution of Dr. Cousins's opinion to Dr. Oritt and concludes that but for this factual error, the Court would have found in her favor. I disagree. For one, this mistaken attribution notwithstanding, the overarching

point remains: the ALJ simply did not address Dr. Oritt's "entire opinion" before assigning it weight. The ALJ merely mentioned that Dr. Oritt concluded "the claimant was able to complete simple, repetitive tasks, but might be better working in a place where she had minimal interactions with the public." Administrative Record ("R.") 28, ECF No. 13. Dr. Oritt did find Bradley "not significantly limited" in her ability to carry out very short and simple instructions, but he also expressly stated that "[s]he does appear to have some difficulty concentrating." R. 70, 84. The ALJ did not mention the latter finding anywhere in his written decision, yet he gave great weight to Dr. Oritt's entire opinion. Moreover, the ALJ gave only partial weight to a similar opinion from one of Bradley's own healthcare providers, *see* R. 28, but he did not explain his inconsistent evaluation of the opinion evidence, a deficiency which the Court specifically identified, *see* R & R 13, and the Commissioner does not now acknowledge. Thus, it requires a selective reading of the record and the Court's decisions for the Commissioner to state that she would have prevailed but for a minor factual mistake, and this argument does not show that her position was substantially justified. *See Myers v. Barnhart*, 518 F. Supp. 2d 653, 656 (D.S.C. 2006) ("The government's burden of showing substantial justification is a strong one and is not met merely because the government produces some evidence in support of its position." (quotation marks omitted)).

  Next, the Commissioner is correct that the ALJ's decision here arguably is on sounder footing than the one in *Mascio* in that Bradley's RFC did not merely limit her to "simple, routine, repetitive tasks," but also restricted her interpersonal contact and required a static workplace where changes were both infrequent and explained in advance. R. 20. However, the Commissioner ignores the reasoning of both the R & R and the Memorandum Opinion in relying on this distinction in attempting to prove that her litigation position was substantially justified.

6

The R & R stated, "the ALJ did not explain whether the various non-exertional restrictions in the RFC were included to address Bradley's limitations in concentration, persistence, or pace, or whether they related to some other area of functioning, such as social interaction or stress tolerance" and restrictions "limit[ing] the level of social interaction or changes in the workplace . . . do not necessarily alleviate difficulties she may have with focusing, staying on task, or maintaining a consistent pace." R & R 13–14. The R & R concluded, "[i]t was therefore necessary for the ALJ to explain the scope of the limitations he identified at step three." R & R 14. Similarly, the Memorandum Opinion acknowledged that these additional limitations could have accounted for Bradley's overall moderate limitations in concentration, persistence, or pace, or they could have accounted for her overall moderate social interaction limitations, but because the ALJ did not adequately explain himself, the presiding District Judge concluded that he was "left to guess. And when the court is required to guess what the ALJ was thinking, meaningful review is not possible." *Bradley*, 2017 WL 4707035, at *4. Thus, this Court had no choice but to reverse the denial of benefits and remand the case to the Commissioner for an adequate explanation of her ruling. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Given these established deficiencies, the Commissioner does not meet her burden of proving that her position was substantially justified by merely reasserting her previous arguments that the Court twice rejected.

Based on her arguments here, "the Commissioner does not seem to understand [her] error in the administrative proceedings any more now than when the court reversed [her] final decision and remanded for further proceedings." *Seal*, 563 F. Supp. 2d at 611. Moreover, courts in this District have consistently found against the Commissioner on this issue. In *Sexton v. Colvin*—decided before *Mascio*—the court stated that "[a] limitation to simple, unskilled work does not

7

necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace" in concluding that it was "simply unable to accept [the] proposition," implied by the ALJ, "that anyone with moderate impairments in concentration, persistence, or pace can perform simple jobs." 21 F. Supp. 3d 639, 642–43 (W.D. Va. 2014) (Conrad, J.); *see also Davis v. Colvin*, No. 4:13cv35, 2014 WL 3890495, at *13 (W.D. Va. Aug. 7, 2014) (Kiser, J.) (adopting R& R). The Fourth Circuit adopted this approach in *Mascio* in March 2015, almost eight months before the ALJ issued his written opinion on November 6, 2015, R. 31, and a full two years before the Commissioner filed her brief defending the ALJ's decision on the merits before this Court, ECF No. 21 (Mar. 24, 2017). After *Mascio*, courts in this District have consistently held that an ALJ's "failure to explain *why* [a claimant's] moderate concentration deficits did not translate into additional limitations in the RFC constitutes reversible error and requires remand." *Wyrick v. Berryhill*, No. 7:16cv136, 2017 WL 3699781, at *6 (W.D. Va. June 28, 2017) (Ballou, M.J.), *adopted by* 2017 WL 3699753 (W.D. Va. Aug. 25, 2017) (Dillon, J.); *see also Pittman v. Comm'r of Soc. Sec.*, No. 4:16cv18, 2017 WL 3836100, at *5–6 (W.D. Va. Aug. 15, 2017), *adopted by* 2017 WL 3821689 (W.D. Va. Aug. 31, 2017) (Kiser, J.); *Lohrmann v. Berryhill*, No. 4:16cv15, 2017 U.S. Dist. LEXIS 120160, at *29–33 (W.D. Va. Aug. 1, 2017), *adopted by* Order, ECF No. 26 (W.D. Va. Aug. 18, 2017) (Kiser, J.); *Berger v. Comm'r of Soc. Sec.*, No. 4:16cv4, 2017 U.S. Dist. LEXIS 93659, at *9–14 (W.D. Va. June 19, 2017), *adopted by* Order, ECF No. 18 (W.D. Va. July 20, 2017) (Kiser, J.); *Adams v. Comm'r of Soc. Sec.*, No. 4:15cv52, 2017 U.S. Dist. LEXIS 11289, at *42–45 (W.D. Va. Jan. 27, 2017), *adopted by* Order, ECF No. 20 (W.D. Va. Feb. 23, 2017) (Kiser, J.); *Sellers v. Colvin*, No. 4:15cv38, 2017 WL 599423, at *13–14 (W.D. Va. Jan. 24, 2017), *adopted by* 2017 WL 598504 (W.D. Va. Feb. 14, 2017) (Kiser, J.); *Farmer v. Colvin*, No. 4:15cv35, 2017 U.S. Dist. LEXIS 4985, at *27–28 (W.D. Va.

Jan. 13, 2017), *adopted by* Order, ECF No. 21 (W.D. Va. Feb. 16, 2017) (Kiser, J.); *Stubbs v. Colvin*, No. 5:14cv71, 2016 U.S. Dist. LEXIS 91831, at *25–27 (July 15, 2016), *adopted by* Order, ECF No. 21 (W.D Va. Aug. 10, 2016) (Dillon, J.); *Perdue v. Colvin*, No. 7:14cv173, 2015 WL 5771813, at *5–7 (W.D. Va. Sept. 30, 2015) (Conrad, J.); *White v. Colvin*, No. 4:14cv18, 2015 WL 1958885, at *12 (W.D. Va. May 1, 2015) (Kiser, J.) (adopting R & R).

In sum, the ALJ found Bradley moderately impaired in her ability to maintain concentration, persistence, or pace, and he limited her to simple, routine, repetitive tasks, as well as reduced interpersonal contact and a static work environment. But the ALJ did not, in contravention of established circuit law, provide an adequate explanation why such an RFC accommodated his findings at step three. As explained in both the R & R and the Memorandum Opinion, such a deficiency warrants remand. In light of these obvious deficiencies, I cannot find that the Commissioner has met her burden of proving that her litigation position was substantially justified. *See Myers*, 518 F. Supp. 2d at 656 ("If the government's position resulted from its failure to perform certain analyses required by the law and its regulations, the position was not substantially justified."). Therefore, because I find that the Commissioner's position was not substantially justified, and because the Commissioner does not challenge the reasonableness of Bradley's requested fees, I find that Bradley should be awarded the fees sought in her initial petition.

In her reply brief, Bradley asks for an additional $479.65 in attorneys' fees for 2.5 hours of work performed defending her EAJA petition. Pl.'s Reply Br. 5. This request is not supported by an itemized statement, *see Large*, 432 F. Supp. 2d at 646–47, so it will not be included in the total award.

III. Conclusion

9

For the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** Bradley's motion, ECF No. 26, and award Bradley $6,928.33 in attorneys' and paralegal fees and $22.79 in expenses pursuant to the EAJA.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: June 8, 2018

Joel C. Hoppe
United States Magistrate Judge